■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MAURICE CARTER, JERMAINE WALKER, JAMES FLOYD and LESLIE ROBINSON, Respondents. [609 NYS2d 475] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: Supreme Court erred in dismissing the indictment on the ground that the evidence presented to the Grand Jury is legally insufficient. The sufficiency of the evidence presented to the Grand Jury is properly determined by inquiring whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(People v*

*Jennings,* 69 NY2d 103, 114; *People v Pelchat,* 62 NY2d 97, 105). The evidence presented to the Grand Jury revealed that, on November 7, 1992, four black males displaying two guns entered a clothing store and fled with clothing taken off the racks. The store owner ran outside and flagged down a police car. The officer relayed the information given to her by the store owner to the dispatcher and thereafter received a radio transmission advising that the robbers had entered apartment 404 at 87 Mariner Street. Within minutes of the robbery, the officers proceeded to that address, knocked on the door and identified themselves. Through the closed door, the officers heard people moving, glass breaking and blinds being shaken or hitting the window. The officers were admitted to the apartment and saw that the kitchen window was open and that various items of clothing were on the ground outside the window. Inside the apartment were a jacket and a pair of jeans. All of the clothing bore tags. The clothing was later identified by the store owner as his merchandise. Defendants were found in the apartment and two guns similar to those described by the store owner were also found in the apartment. We conclude that the evidence, viewed in the light most favorable to the People, if accepted as true, would establish every element of the offenses charged in the indictment. Thus, the evidence before the Grand Jury is legally sufficient *(see, People v Jennings, supra).* (Appeal from Order of Supreme Court, Erie County, Rossetti, J.—Dismiss Indictment.) Present —Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.